UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNTED STATES OF AMERICA, | Case No. 2:11-cr-452-APG-CWH |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR NEW TRIAL** |
| THERESA MARCIANTI, | (ECF No. 214) |
| Defendant. | |

Defendant Theresa Marcianti moves for a new trial because the government inadvertently failed to disclose evidence of a witness interview until after the trial. ECF No. 214. On September 10, 2013, an FBI Special Agent and two Assistant United States Attorneys conducted a pretrial interview of a trial witness (Roberta Beuchat). The Special Agent summarized that meeting in a "302 report." ECF No. 214-1 at 34. The 302 report was not produced to Marcianti's counsel until December 29, 2015, 15 months after the trial concluded. *Id.* at 2. Marcianti argues this constitutes a *Brady* violation justifying a new trial.

"A Brady violation has three elements. . . . First, there must be evidence that is favorable to the defense, either because it is exculpatory or impeaching. . . . Second, the government must have willfully or inadvertently failed to produce the evidence. . . . Third, the suppression must have prejudiced the defendant." *Milke v. Ryan*, 711 F.3d, 998, 1012 (9th Cir. 2013) (citations omitted). To prejudice the defendant, the suppressed evidence must have been material to the guilt or punishment of the defendant. *US v. Bagley*, 473 U.S. 667, 674 (1985). Evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability

sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682. "[T]he question is whether 'the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.'" *Strickler v. Greene*, 527 U.S. 263, 290 (1999) (quoting *Kyles v. Whitley*, 514 U.S. 419, 435 (1995)).

Undisclosed impeachment evidence may be immaterial when there is otherwise overwhelming evidence against the defendant and the witness was not crucial to the government's case. *See, e.g., Rhoades v. Henry*, 598 F.3d 495, 504 (9th Cir. 2010) (undisclosed evidence not material where the witness's testimony provided few facts among many that connected the defendant to the murder); *Schad v. Ryan*, 671 F.3d 708, 716 (9th Cir. 2011) (undisclosed evidence not material in part because "circumstantial evidence demonstrating [defendant's] guilt was powerful, and [defendant] did not offer any significant evidence to rebut the strong inference of guilt arising from that evidence."); *Morris v. Ylst*, 447 F.3d 735 (9th Cir. 2006) (undisclosed impeachment evidence not material in part because there was compelling evidence of defendant's guilt and significant other impeachment evidence was presented).

Marcianti nakedly asserts that "[t]his evidence might have been favorable to the Defendant if she had been able to utilize it prior to and during trial." ECF No. 214 at 3. That supposition is insufficient to justify a new trial under *Brady*. Marcianti fails to identify how this document was favorable her, let alone how it was material. As recounted in the Government's opposition to Marcianti's current motion, overwhelming evidence was presented at trial demonstrating Marcianti's guilt. Several witnesses testified about Marcianti's many fraudulent transactions. And Beuchat was involved in only four of these. Because Marcianti has failed to demonstrate how the 302 report was favorable to her and material to the guilty verdict, her motion must be denied.

IT IS HEREBY ORDERED that defendant Marcianti's motion **(ECF No. 214)** is **DENIED.**

DATED this 13th day of October, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE