# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:11-cr-00452-APG-CWH |
| Plaintiff | **Order Granting Motion to Dismiss and Denying 28 U.S.C. § 2255 Motion** |
| v. | |
| THERESA MARCIANTI, | [ECF Nos. 220, 223] |
| Defendant | |

Defendant Theresa Marcianti moves to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. The Government moves to dismiss Marcianti's § 2255 motion as untimely, arguing that the one-year limitation period to file it was not tolled while she pursued a motion for a new trial under Federal Rule of Criminal Procedure 33. Marcianti responds that the time was tolled while her Rule 33 motion was pending, and if it was not, the time should be equitably tolled. I grant the motion to dismiss and deny Marcianti's § 2255 motion as untimely.

Section 2255 motions are subject to a one-year limitation period. 28 U.S.C. § 2255(f). As relevant here, the limitation period runs from the latest of "the date on which the judgment of conviction becomes final" or "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." *Id.* §§ 2255(f)(1)-(2). The judgment becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003).

The Ninth Circuit affirmed Marcianti's conviction on December 24, 2015. ECF No. 209. Marcianti did not move for rehearing on appeal. Consequently, she had 90 days from December

24, 2015 to file a petition for writ of certiorari in the Supreme Court. S. Ct. R. 13. She did not file a petition, so her conviction became final 90 days after December 24, 2015. She filed her § 2255 motion on October 10, 2017. ECF No. 220. Her motion thus is untimely unless some form of tolling applies. Marcianti argues two bases for tolling: (1) that her Rule 33 motion tolled the limitations period and (2) that equitable tolling should apply.

**A. Rule 33 Motion**

Shortly after the Ninth Circuit affirmed Marcianti's conviction on direct appeal, the Government informed her that it had not disclosed information related to witness Robert Beuchat. Consequently, on February 26, 2016, Marcianti filed a Rule 33 motion for a new trial based on newly discovered evidence. ECF No. 214. I denied that motion on October 13, 2016. ECF No. 219. Marcianti did not appeal. She filed her § 2255 motion a little less than a year later. She contends her motion is timely because her Rule 33 motion should toll the one-year limitation period while it was pending. The Government argues that a Rule 33 motion filed more than 14 days after the judgment does not toll the limitations period for a § 2255 motion.

The Ninth Circuit has not yet addressed this issue. But every other circuit that has addressed it has concluded that a Rule 33 motion neither affects the finality of the judgment nor tolls the § 2255 limitations period if the motion was filed more than 14 days after the verdict or finding of guilty.[1] Those courts have noted that under Federal Rule of Appellate Procedure 4(b)(1)(A)(i), a criminal defendant must file a notice of appeal within 14 days of "the entry of

---

[1] *See United States v. Redd*, 562 F.3d 309, 312-13 (5th Cir. 2009); *Barnes v. United States*, 437 F.3d 1074, 1079-80 (11th Cir. 2006); *Nolan v. United States*, 358 F.3d 480, 485 (7th Cir. 2004); *Trenkler v. United States*, 268 F.3d 16, 20-24 (1st Cir. 2001); *Johnson v. United States*, 246 F.3d 655, 658-60 (6th Cir. 2001); *United States v. Prescott*, 221 F.3d 686, 688-89 (4th Cir. 2000); *see also United States v. Bryant*, 186 F. App'x 298, 300 (3d Cir. 2006); *United States v. Pedraza*, 65 F. App'x 702, 705 (10th Cir. 2003).

either the judgment or the order being appealed." Rule 4(b)(3)(A) provides that if a defendant timely files certain motions, then the notice of appeal "must be filed within 14 days after the entry of the order disposing of the last such remaining motion, or within 14 days after the entry of the judgment of conviction, whichever period ends later." One of the motions that can toll the time period for filing the notice of appeal for a criminal defendant's direct appeal is a Rule 33 motion for a new trial, "but if based on newly discovered evidence, only if the motion is made no later than 14 days after the entry of the judgment." Fed. R. App. P. 4(b)(3)(A)(ii).

Thus, the other circuits have determined that a Rule 33 motion based on newly discovered evidence that is filed within 14 days of the verdict or finding of guilt is part of the direct appeal and so the conviction is not "final" for § 2255 purposes until it is resolved. But a Rule 33 motion based on newly discovered evidence filed after that period is a collateral attack on the conviction and sentence and not part of the direct appeal. Such a motion therefore does not affect finality for purposes of determining when the limitation period on a § 2255 motion begins to run. *Redd*, 562 F.3d at 312-13 ("A rule 33 motion filed more [14] days after the entry of judgment does not toll § 2255's one-year statute of limitations, because it is a collateral attack and not a direct appeal." (internal footnote omitted)). And because nothing prevents a defendant from filing both a Rule 33 motion and a § 2255 motion nor requires a defendant to exhaust remedies through a Rule 33 motion before filing a § 2255 motion, the fact that a defendant filed a Rule 33 motion does not toll the one-year limitation period for a § 2255 motion. *See Trenkler*, 268 F.3d at 23-24. I agree with those courts' analyses and see no reason why the Ninth Circuit would depart from it.

Marcianti nevertheless contends that her motion is timely because the Government's failure to disclose the witness information operated as an impediment to her filing the motion

under § 2255(f)(2). But this argument fails for the same reason. To the extent the Government's earlier failure to disclose this information acted as an impediment, that impediment no longer existed as of December 29, 2015, when the Government told her about the undisclosed witness information. ECF No. 214-1. Thus, nothing the Government did prevented Marcianti from timely filing both motions.

She also contends her § 2255 motion would have been premature and moot if the Rule 33 motion were granted. But other courts have rejected this argument, concluding that the courts have means to address multiple motions for relief through consolidation or other case management tools. *See Trenkler*, 268 F.3d at 24; *Johnson*, 246 F.3d at 660; *Prescott*, 221 F.3d at 689. I agree. Her motion thus is untimely.

**B. Equitable Tolling**

Even though her motion is untimely, the one-year limitation period for a § 2255 motion is subject to equitable tolling. *United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004). To qualify for equitable tolling, Marcianti must show (1) that she was "pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (quotation omitted).

Marcianti has not shown that extraordinary circumstances prevented her from timely filing her motion. Although Marcianti states that while the Rule 33 motion was pending she "was precluded" from filing her § 2255 motion, she does not cite any statute, rule, or case law for that proposition. That is because nothing prevented her from filing both motions. Her unilateral decision that it would be more efficient to pursue a Rule 33 motion is not an extraordinary circumstance justifying tolling. Equitable tolling does not apply under these

4

circumstances. Because Marcianti's motion is untimely and equitable tolling does not apply, I grant the Government's motion to dismiss and deny Marcianti's § 2255 motion as untimely.

### C. Certificate of Appealability

To appeal this order, Marcianti must receive a certificate of appealability from a circuit or district judge. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22-1(a). To obtain a certificate of appealability, she "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quotation omitted). Because I concluded that reasonable jurists would not debate that her motion is untimely, I deny her request for a certificate of appealability. However, I note that the Ninth Circuit has not resolved the timeliness issues raised here. This case presents the opportunity to do so, if a circuit judge is inclined to grant the certificate of appealability.

### D. Conclusion

IT IS THEREFORE ORDERED that the United States of America's motion to dismiss **(ECF No. 223) is GRANTED**.

IT IS FURTHER ORDERED that defendant Theresa Marcianti's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 **(ECF No. 220) is DENIED**.

DATED this 21st day of September, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE